IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JULIE MASON,                                    CIVIL ACTION

   Plaintiff,                                    No. 2:21-cv-1400

v.

ELEVATE SERVICES, INC.,

   Defendant.                                    JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff, Julie Mason, by undersigned counsel, files this Civil Complaint and in support alleges the following:

### I.   Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b) as the actions of the Defendant complained of herein either occurred within this judicial district and/or had their intended effects within this judicial district, and Mason performed a substantial amount of her unpaid work for Defendant within this judicial district.

### II.   The Parties

2. Plaintiff Julie Mason resides at 564 E Vanderbilt Drive, Mars, PA 16046. At all times relevant she was an employee of Defendant, within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

3. Defendant, Elevate Services, Inc., is a Delaware corporation with a place of business at 1711 W. Greentree Drive, Suite 108, Tempe, AZ 85284.

4. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. §§216(b) and 203(d) and is engaged in interstate commerce within the meaning of 29 U.S.C.

1

§§203(b), 203(I), 203(j), 206(a) and 207(a).

### III.     Factual Background

5. Mason began worked for Defendant from February 2017 through June 2021.  She last held the position of Corporate/International Paralegal.

6. Mason brings this action against Defendant to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the provisions of Section 16(b) of the Act, 29 U.S.C. § 216(b).

7. For all relevant periods, Plaintiff was an employee within the meaning of Section 3(e)(1) of the Act, 29 U.S.C. § 203(e)(1).

8. Defendant did not compensate Mason for overtime hours worked at any point during her employment.

9. Defendant is a company that provides legal consulting and technology services to law departments and law firms.

10. Defendant's gross annual revenues have exceeded the FLSA's threshold during at least each of the last three years.  Accordingly, Defendant is covered by the FLSA and has been for each of the last three years.

11. Throughout Mason's tenure with Defendant, Defendant misclassified Mason as an exempt employee under Section 13 of the Act, 29 U.S.C. § 213.

12. Mason performed paralegal services for Defendant's customer NetApp, Inc., a Silicon- valley based technology company ("NetApp"). Mason worked directly on the NetApp account and no other Elevate account.

13. At the beginning of her employment with Defendant, Mason agreed to work a 7.5-hour workday.

14. Shortly after beginning work with Defendant, however, Mason realized her role

required her to work many more hours than just 7.5 hours per day to effectively manage the workload she was given.

15. Working internationally, Mason was on calls and attended meetings over many international times zones.

16. The overtime hours worked by Mason varied from week to week. Some weeks she would work 45-hour weeks while other weeks could be upward of 50-55 hours or more.

17. Defendant paid Mason a salary that did not account for the hours Mason actually worked.

18. Defendant was required to pay Mason, its former employee, overtime under the FLSA.

19. Defendant did not pay Mason overtime hours for hours he worked in excess of 40 in a workweek.

20. For example, Defendant required Mason to attend NetApp's quarterly board meetings, which were held via India time (IST) mornings. Mason would work a full day and attend the board meetings, totaling approximately 12-13 hours per day, but was only compensated for 7.5 of those hours.

21. Throughout Mason's tenure with Defendant, Defendant misclassified Mason as an exempt employee under Section 13 of the Act, 29 U.S.C. § 213.

22. On multiple occasions during the course of Mason's employment, Defendant told Mason she was an "exempt" employee.

23. On many occasions, Mason was instructed by Defendant's managers and vice president to submit only 7.5 hours on her daily timecard, despite Mason's insistence that was not an accurate reflection of her actual hours worked.

24. Defendant instructed Mason to only enter 7.5 hours because NetApp would not

pay overtime.

25. On at least one occasion, Defendant contacted Mason's NetApp manager questioning the number of hours Mason had worked that week. The NetApp Manager confirmed that Mason did, in fact, work the amount of hours Mason provided, which included overtime hours.

26. Defendant continued to insist Mason enter only 7.5 hours a day even though Defendant had knowledge that she worked many more hours a day.

27. Defendant charged NetApp by the hour for Mason's paralegal services rendered, which frequently included overtime hours worked by Mason.

28. Defendant gained a windfall of financial benefit by charging NetApp for Mason's overtime hours at Mason's expense.

29. Mason was assigned by Defendant to perform work directly for NetApp, which included typical non-exempt paralegal duties such as monitoring compliance matters on behalf of NetApp entities.

30. Mason's job did not involve managing or supervising the NetApp entities to which she was assigned.

31. Mason's job with Defendant was not exempt under the executive exemption.

32. Mason did not:

   a. Have the primary duty of managing either the enterprise in which she was employed or a customary, recognized department or subdivision thereof;

   b. Customarily and regularly direct the work of other full-time employees; and

   c. Have authority to hire or fire other employees or make suggestions and recommendations that were given particular weight as to the hiring, firing, advancement, promotion, or any other change of status of other employees.

33. Mason's job with Defendant was not exempt under the administrative exemption.

34. Mason did not have the primary duty of performing office or non-manual work directly related to the management or general business operations of Defendant or NetApp with a primary duty that included the exercise of discretion and independent judgment with respect to matters of significance.

35. Mason did not exercise discretion and independent judgment with respect to matters of significance.

36. Mason's job with Defendant was not exempt under the professional exemption.

37. Mason's primary duty was not performing work requiring advanced knowledge in a specialized field of corporate compliance law or learning acquired by prolonged study and requiring the consistent exercise of discretion and independent judgment.

38. As a result of Defendant's pay practices, Mason was denied overtime pay required by federal law.

39. Despite knowing the FLSA's requirements and that Mason regularly worked more than 40 hours in a workweek, Defendant did not pay Mason overtime.

## Count I
## Fair Labor Standards Act

40. Plaintiff incorporates by reference the allegations in paragraphs 1 through 39 as if fully restated herein.

41. Defendant has violated Section 7 of the Act, 29 U.S.C. § 207, in that it employed Mason at work weeks in excess of 40 hours without compensating her for such employment in excess of 40 hours at the rate of one and one-half times her regular hourly rate at which she should have been employed.

42. As of result of those violations of Section 7 of the Act by Defendant, there is now a sum due and owing from Defendant in an amount equal to 1 and ½ times Mason's regular rate

of pay for each overtime hour Mason worked during the last 4.5 years.

43. Defendant knew, or showed reckless disregard for whether, its failure to pay overtime violated the Act.

44. Defendant's violation of the Act was willful.

45. Defendant owes Mason an amount equal to all unpaid overtime wages as well as liquidated damages.

46. It is necessary for Plaintiff to have the services of an attorney to institute and prosecute this action against Defendant on Plaintiff's behalf.

47. WHEREFORE, Plaintiff demands judgment as follow:

    a. For those sums that may be found to be due and owing to Plaintiff;

    b. For an amount equal as liquidated damages;

    c. For interest thereon;

    d. For reasonable attorneys' fees;

    e. For the costs of this suit; and

    f. For such other and further relief as the Court may deem proper and just.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/ Amy N. Williamson
Amy N. Williamson
PA I.D. No. 90657
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 394-4458
(412) 391-7032 (Fax)
awilliamson@edgarsnyder.com

Attorney for Plaintiff