IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE MASON,<br><br>        Plaintiff,<br><br>v.<br><br>ELEVATE SERVICES, INC.,<br><br>        Defendant. | Civil Action No. 2:21-CV-1400-MRH<br><br>Electronically Filed |

## **DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant Elevate Services, Inc. ("Defendant or Elevate"), by and through its undersigned counsel, files this Answer and these Affirmative and Additional Defenses to the Complaint filed by Plaintiff Julie Mason ("Mason" or "Plaintiff"). Defendant denies each and every averment in the Complaint not specifically admitted herein.

1. Admitted in part; denied in part. Defendant admits only that Plaintiff purports to proceed as stated. The remaining averments of Paragraph 1 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant specifically denies that Plaintiff performed any "unpaid work" or that it engaged in any conduct in violation of Fair Labor Standards Act ("FLSA"), or any other statute or law.

2. Admitted in part; denied in part. Defendant admits Plaintiff was an employee of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of averment regarding Plaintiff's residence; accordingly, Defendant denies those averments. The remaining averments contained in Paragraph 2 of the Complaint state conclusions of law to which no responsive pleading is required.

3. Admitted.

4. The averments contained in Paragraph 4 of the Complaint state conclusions of law to which no responsive pleading is required.

5. Admitted in part; denied in part. Defendant admits that it employed Plaintiff from February 6, 2017 until May 25, 2021 as a Corporate Paralegal. Defendant denies the remaining averments contained in Paragraph 5 of the Complaint.

6. Admitted in part; denied in part. Defendant admits only that Plaintiff purports to proceed as stated. The remaining averments of Paragraph 6 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant specifically denies that Plaintiff performed any "unpaid" work or that it engaged in any conduct in violation of Fair Labor Standards Act ("FLSA"), or any other statute or law.

7. The averments contained in Paragraph 7 of the Complaint state conclusions of law to which no responsive pleading is required.

8. Admitted in part; denied in part. Defendant admits that Plaintiff was not paid an additional amount above her salary for the hours she worked over 40 in a workweek. The remaining averments contained in Paragraph 8 are denied.

9. Admitted.

10. Defendant admits that its gross annual revenues have exceeded the FLSA's threshold for the last three years. The remaining averments of Paragraph 10 of the Complaint state conclusions of law to which no responsive pleading is required.

11. The averments contained in Paragraph 11 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

12. Admitted.

13. Denied.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 14 of the Complaint; accordingly, these averments are denied.

15. Defendant admits the averments contained in Paragraph 15, upon information and belief.

16. Admitted in part; denied in part. Defendant admits that the number of hours Plaintiff worked each week varied. Defendant denies the remaining averments contained in Paragraph 16 of the Complaint.

17. Denied.

18. The averments contained in Paragraph 18 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

19. Admitted in part; denied in part. Defendant admits that Plaintiff was not paid an additional amount above her salary for the hours she worked over 40 in a workweek. The remaining averments contained in Paragraph 19 are denied.

20. Denied.

21. The averments contained in Paragraph 21 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

22. Admitted.

23. Denied.

24. Denied.

25. Admitted in part; denied in part. Defendant admits that it had communications with NetApp regarding the number of hours Plaintiff worked. The remaining averments contained in Paragraph 25 of the Complaint are denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted in part; denied in part. Defendant admits that Plaintiff was assigned by Defendant to perform work directly for NetApp and that Plaintiff was responsible for monitoring compliance matters, among other things. The remaining averments contained in Paragraph 29 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, those averments are denied.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 30 of the Complaint; accordingly, these averments are denied.

31. The averments contained in Paragraph 31 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

32. The averments contained in Paragraph 32, including subparts a through c, of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

33. The averments contained in Paragraph 33 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

34. The averments contained in Paragraph 34 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

35. The averments contained in Paragraph 35 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

36. The averments contained in Paragraph 36 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

37. The averments contained in Paragraph 37 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

38. Admitted in part; denied in part. Defendant admits that Plaintiff was not paid an additional amount above her salary for the hours she worked over 40 in a workweek. The remaining averments contained in Paragraph 38 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

39. Admitted in part; denied in part. Defendant admits that Plaintiff was not paid an additional amount above her salary for the hours she worked over 40 in a workweek and that Defendant is aware of the requirements of the FLSA. Defendant denies that Plaintiff regularly worked more than 40 hours in a workweek. The remaining averments contained in Paragraph 39 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

## Count I

40. Defendant incorporates its responses to Paragraphs 1 through 39 of the Complaint as if set forth fully herein.

41. The averments contained in Paragraph 41 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

42. The averments contained in Paragraph 42 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

43. The averments contained in Paragraph 43 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

44. The averments contained in Paragraph 44 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

45. The averments contained in Paragraph 45 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

46. The averments contained in Paragraph 46 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

47.     The averments contained in Paragraph 47 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant asserts the following affirmative and additional defenses to Plaintiff's claims. By asserting these defenses, Defendant does not concede that it has the burden of proof as to any such defense. To the extent any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are pleaded in the alternative. Defendant also reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action. Subject to and without waiving the foregoing, Defendant states:

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations periods set forth in the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, such claim is barred.

3.     Plaintiff is not entitled to any recovery to the extent the work she performed falls within exemptions, exclusions, or credits provided for under the FLSA, including but not limited to those for individuals employed in a bona fide executive and/or administrative capacity per 29 U.S.C. § 213(a)(1), 29 C.F.R. § 541.100, *et seq.* (executive employees), 29 C.F.R. § 541.200, *et seq.* (administrative employees), or 29 C.F.R. § 541.708 (combination).

4.     Plaintiff's claims must fail, as Defendant properly classified and compensated her under the FLSA.

5.     Plaintiff's FLSA claim is barred in whole or in part by the applicable two-year statute of limitations and is subject to the conditions of 29 U.S.C. § 256. The statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years). 29 U.S.C. § 255. Plaintiff's claim does not arise out of a willful violation, so the statute of limitations under the FLSA is two years.

6.     Plaintiff's claims in this action are barred, in whole or in part, by the doctrines of estoppel and/or laches.

7.     Throughout her employment, Plaintiff was paid on a salary basis for all hours worked, and she had a clear and mutual understanding that her salary was compensation for all hours worked each week. Thus, the "half time" overtime premium is the only potential measure of compensatory damages for her overtime claims under the FLSA.

8.     Plaintiff's claims are barred, in whole or in part, to the extent that any activities that Plaintiff may have performed were (a) not compensable "work" under the FLSA; (b) performed without the actual or constructive knowledge of Defendant; and/or (c) *de minimis*.

9.     The claims of Plaintiff are barred, in whole or in part, by Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq*. as to all hours during which she was engaged in activities preliminary, postliminary, or incidental to her principal duties or activities.

10.    To the extent any sum is found due and owing to Plaintiff, Defendant is entitled to set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.

11. To the extent any sum is found due and owing to Plaintiff, Defendant is entitled to set-off against said sum to the extent of any overpayment of wages paid.

12. Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. Accordingly, the Court should exercise its discretion to eliminate and/or reduce any potential award of liquidated damages pursuant to 29 U.S.C. § 260.

13. Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint, and Defendant asserts a lack of willfulness or intent to violate these statutes as a defense to any claim for liquidated damages or for the application of a longer statute of limitations.

14. Defendant reserves the right to assert any affirmative or additional defenses it discovers during the course of this litigation. Defendant prays that the Court afford it leave to amend its Answer and Additional Defenses upon a timely motion requesting the ability to do the same.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

Respectfully submitted,

Dated:  January 19, 2022

/s/ *Katelyn W. McCombs*
Katelyn W. McCombs, Bar No. 323746
kmccombs@littler.com

LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
Telephone:   412.201.7641
Facsimile:    412.774-2296

*Counsel for Defendant*

10

**CERTIFICATE OF SERVICE**

I, Katelyn McCombs, hereby certify that on this 19th day of January, 2021, the foregoing Defendant Elevate Services, Inc.'s Answer to Complaint and Affirmative and Additional Defenses was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record.

Amy N. Williamson, Esq.<br>
John E. Black, Esq.<br>
Edgar Snyder & Associates<br>
US Steel Tower, 10th Floor<br>
600 Grant Street<br>
Pittsburgh, PA  15219<br>
awilliamson@edgarsnyder.com<br>
jblack@edgarsnyder.com<br>

*Attorney for Plaintiff*

/s/ Katelyn McCombs
Katelyn McCombs

4876-7114-8554.1 / 080814-1004